## STORROW v. UNITED STATES.
### No. 11583.

United States District Court
S. D. California, C. D.
May 11, 1951.

Demetriou & Viney, Los Angeles, Cal., for the plaintiff.

Ernest A. Tolin, U. S. Atty., E. H. Mitchell and Edward R. McHale, Asst. U. S. Attys. Eugene Harpole and Frank W. Mahoney, Special Attys. Bureau of Internal Revenue, all of Los Angeles, Cal., for defendant.

HALL, District Judge.

This cause came on regularly for trial before the Court sitting without a jury on the 24th day of April, 1951. The facts were stipulated and are found as stipulated. The Court having considered the evidence, the pleadings, and the briefs of the parties, finds the facts, and states the conclusions of law, as follows:

### Findings of Fact

1. The allegations of the complaint; except that in Paragraph IV of the complaint the amount of $99.47 alleged paid as an additional interest assessment on October 14, 1948, was paid on October 27, 1948; and except, that in Paragraph VI of the complaint, and after this action was filed, on May 11, 1950, the Commissioner of Internal Revenue disallowed plaintiff's claim for refund in a registered letter dated June 8, 1950.

2. The allegations of plaintiff's claim for refund and amended income tax return for the year 1944, attached to the complaint and incorporated therein by reference.

3. The facts as stipulated by the parties hereto.

4. This action is brought under title 28, United States Code of Judiciary and Judicial Procedure, Section 1346(a)(1)as amended, 28 U.S.C.A. § 1346(a) (1), and Section 3772 of the Internal Revenue Code, 26 U.S.C. § 3772, for the recovery of income taxes alleged to have been erroneously and illegally assessed and collected in the amount of $9,171.96 and interest paid thereon in the amount of $1,979.72, a total amount of $11,151.68, plus interest thereon as provided by law.

5. After this action was filed, Letha Lewis Storrow, the taxpayer, party plaintiff at the commencement of this action, died on October 26, 1950. The California Trust Company, a California corporation, is the duly appointed, qualified, and acting Administrator-With-the-Will Annexed of the estate of Letha Lewis Storrow, deceased, and is substituted, by stipulation of the parties, as the party plaintiff in this action.

6. Taxpayer filed her federal income tax return for the year 1944 with the Collector of Internal Revenue for the Sixth District of California, on or before March 15, 1945, and paid the balance of tax due indicated thereon; the total tax reported due was $1,151.60, $87.20 of which taxpayer had previously paid with an estimated return for 1944. Thereafter, the Commissioner of Internal Revenue assessed a deficiency in federal income tax for the year 1944 against taxpayer in the amount of $9,-171.96, plus interest thereon to October 15, 1948, in the amount of $1,880.24, which amounts taxpayer paid to the Collector of Internal Revenue for the Sixth District of California on October 14, 1948; an additional statement of interest due in the amount of $99.47 was paid by taxpayer to said Collector on October 27, 1948.

7. On or about August 18, 1949, taxpayer filed with said Collector her claim for refund of taxes and interest paid by her for the year 1944 in the amount of $11,151.68, and as a part of said claim filed her amended income tax return for the year 1944.

8. The Commissioner of Internal Revenue did not allow said claim, and taxpayer more than six months from filing said claim, and on May 11, 1950, filed this action.

9. The Commissioner's assessment of additional income tax against taxpayer for

674

the year 1944, was made on the basis that sales of real property made by taxpayer in 1944 were allegedly made by her as a dealer in real estate, and allegedly made in the course of her trade or business; the Commissioner thereupon disallowed taxpayer's method of reporting the profit from said sales as long term capital gains, and instead treated the profits as ordinary income.

10. Taxpayer made sales of real property as follows in 1944: 17 lots were sold to one buyer in one transaction. One lot improved with a restaurant building which taxpayer had leased out as income property was sold to the same buyer in another transaction. In a third transaction, to a different buyer, taxpayer sold one lot consisting of 11.44 acres of land.

11. All the real property sold by taxpayer in 1944 was property inherited by taxpayer and her brother, Ralph Lewis, in 1922. Taxpayer acquired the whole interest in the real property sold in 1944 from her brother in 1932 when they partitioned their inheritance.

12. All of the sales of taxpayer's property in 1944 were made through the California Trust Company which held taxpayer's real property in trust.

13. Taxpayer made no sales directly herself and at no time during her life did taxpayer have a real estate broker's license.

14. From 1942 until her death on October 26, 1950 taxpayer suffered from strokes and diabetes and was confined to her bed, including 1944, the year in question.

Conclusions of Law

1. Plaintiff has complied with all of the statutory requirements constituting conditions precedent to the institution and maintenance of this action.

2. This Court has jurisdiction under 28 U.S.C. §§ 1340 and 1346(a).

3. The gains realized by taxpayer plaintiff during the taxable year 1944 on the sales of real property in three transactions were taxable as long term capital gains under the provisions of Section 117

(a), (b), and (j) of the Internal Revenue Code, 26 U.S.C. § 117(a, b, j).

4. The assessment against, and collection from, plaintiff of income taxes in excess of the liability stated on her amended return for the year 1944 was erroneous and illegal.

5. Plaintiff is entitled to judgment against the defendant in the principal sum of $11,151.68, consisting of $9,171.96 and interest paid thereon in the amount of $1,-979.72, together with interest thereon as provided by law to a date preceding the date of the refund check by not more than 30 days.

Judgment for plaintiff is to include, in addition to the above amounts, all costs actually incurred and fees paid to the Clerk of the Court.